## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **EON CORP. IP HOLDINGS, LLC** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:11-CV-317** |
| v. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **LANDIS+GYR INC., ET AL.,** | § | |
| | § | |
| *Defendants* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the parties' Joint Motion for Entry of Protective Order. (Doc. No. 148). The parties submitted disputes regarding provisions of a prosecution bar and the handling of documents overseas. The Court addresses the parties' arguments regarding the prosecution bar in a contemporaneous order. For the reason sets forth below, the Court rejects Defendants' proposed provision regarding the transmission of protected information outside of the United States and **ORDERS** the parties to submit an agreed protective order incorporating the rulings herein.

The entirety of the disputed paragraph reads:

31. Material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY OR HIGHLY CONFIDENTIAL - SOURCE CODE ("HIGHLY CONFIDENTIAL MATERIAL") shall not be disclosed to any person or entity located outside the United States and HIGHLY CONFIDENTIAL MATERIAL shall not be sent, distributed, or otherwise taken to any location outside the United States. Material designated CONFIDENTIAL shall not be disclosed to any person or entity located outside the United States and shall not be sent, distributed, or otherwise taken to any location outside the United States except that such material designated CONFIDENTIAL may be disclosed to principals and employees of a party outside the United States who a) would have access to such material under the provisions of this Protective Order if located in the United States; b) agree to be subject to the Court's jurisdiction; and c) agree to be bound by the provisions of this Protective Order. Further, such disclosure of material designated CONFIDENTIAL is only

permitted if allowable under the applicable United States national security laws and regulations.

(Doc. No. 148-1 at 21). Defendants argue that the above restrictions should be imposed because of the "extremely sensitive nature of the Protected Material,[1] the heightened risk of an inadvertent or intentional discloser in a foreign jurisdiction beyond this Court's reach and the myriad of jurisdictional and enforcement issues, practical and legal, that would arise in the event of a breach." (Doc. No. 148) at 15. Specifically, Defendants take issue with Plaintiff's plan to outsource litigation services to overseas vendors. In support of a complete bar on overseas transmission, Defendants point to a situation in an unrelated case before Judge Everingham in this District where a security breach occurred at an overseas third party vendor potentially causing sensitive information to be leaked despite the existence of a protective order. *See id* at 16 (citing *Versata Software, Inc. v. SAP America, Inc., et al.*, Civ. No. 2:07-cv-153, Doc. No. 572, slip. op. at 13 (E.D. Tex. Sept. 9, 2011)).

Plaintiff argues, however, that additional provisions barring overseas transmission are unnecessary given that the Protective Order already significantly limits public dissemination and disclosure of confidential information. (Doc. No. 148) at 12-13. Thus, for Plaintiff, "the proposed paragraph only bars innocent conduct; improper conduct is already made so by the other thirty-nine paragraphs." *Id.* at 13. Moreover, Plaintiff argues that it is disproportionately affected by the provision because it intends to rely third party litigation support groups located overseas. *Id.* at 13-14. Plaintiff argues that these third party vendors are akin to Defendants' "use of librarian, paralegals, contract attorneys, and support personnel in their foreign offices."

---

[1] "Protected Material" is to discovery material containing confidential information and is also referred to as "Confidential Information," which includes material marked CONFIDENTIAL and HIGHLY CONFIDENTIAL. *See* (Doc. 148-1) at ¶¶ 3-8.

*Id.* Lastly, Plaintiff argues that the proposed restrictions are technologically impossible because "[e]lectronic communications know no borders."

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain discovery of all non-privileged information reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Despite the broad scope of Rule 26(b)(1), a Court may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). In addition, the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense by directing, inter alia, that trade secrets or other confidential information research, development, or commercial information not be revealed or be revealed only in a designated way. FED. R. CIV. P. 26(c)(1)(G).

The party seeking a protective order generally bears the burden of establishing good cause. *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998); *Document Generation Corp. v. Allscripts, LLC*, Civ. No. 6:08-CV-479, 2009 WL 1766096, at \*2 (E.D. Tex. June 23, 2009). When parties to an action agree on entry of a protective order but differ on the order's terms, the party seeking to limit discovery bears the burden of demonstrating that "good cause" exists for the protection of that information. *Document Generation Corp.,* 2009 WL 1766096, at \*2. The party attempting to establish good cause must demonstrate "a clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this case, Defendants' proposed provision is more restrictive, and thus the burden of establishing good cause falls on Defendants. The Court finds that "[i]n light of the safeguards already present in the protective order, Defendants have not shown that their additional proposed

safeguards are necessary." *Document Generation Corp.*, 2009 WL 1766096, at *3. As Plaintiff

points out, the Protective Order provides strong protection against the dissemination of

confidential information. *See, e.g.*, (Doc. No. 148-1 at ¶¶ 18-19) (identifying the only persons

permitted to receive material marked "confidential," "confidential-outside counsel only," and

"highly confidential – source code"); *id.* at ¶ 19 (identifying protocols for viewing material

marked "highly confidential-source code"); *id.* at ¶ 30 (noting that "the recipient of any

Confidential Material shall maintain such information in a secure and safe place, and shall

exercise at least the same degree of care in handling the Confidential Material as is exercised by

the recipient with respect to its own Confidential Material and to confidential information of a

similar nature…"). Although the Court is mindful of Defendants' concerns regarding the

disclosure of confidential or highly confidential information, it is not persuaded that one

unfortunate incident that occurred in an unrelated case amounts to a "clearly defined and serious

harm" such that all transmission of confidential material outside of the United States should be

forbidden. Unfortunately, breaches of protective orders do occur; however, the Court has the

ability to impose severe sanctions for noncompliance. *See, e.g., Versata Software, Inc. v. SAP

America, Inc., et al.*, Civ. No. 2:07-cv-153, Doc. No. 572, slip. op. at 13 (E.D. Tex. Sept. 9,

2011)). Thus, the Court declines to adopt Defendants' proposal.

While the Court declines to adopt the specific provisions advocated by Defendants, the

Court nevertheless encourages the parties to meet and confer to develop additional safeguards to

ensure that confidential material delivered to third party vendors receives adequate protection.

The Court notes that Plaintiff itself and its domestic counsel could potentially be sanctioned for

failing to comply with the provisions of a Court entered protective order. Moreover, the parties

should include at least the following provisions in the protective order to safe guard the overseas

treatment of the parties Protected Material.  Prior to receiving any Protected Material, a person located outside of the United states shall (1) review the Court's protective order in this case, (2) agree in writing to abide by the terms of the Protective Order, and (3) submit in writing to the undersigns jurisdiction for the purpose of resolve any issues that may arise concerning the protective order, including the ability and willingness to personally appear before the undersigned.

The parties are **ORDERED** to submit an agreed protective order incorporating the rulings described above and the rulings in the Court's contemporaneous Order addressing the remaining disputed provisions of the Protective Order to the Court by **June 19, 2012**.

**So ORDERED and SIGNED this 12th day of June, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE