UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| LANDIS+GYR INC.; ACLARA POWER-LINE SYSTEMS INC.; ACLARA RF SYSTEMS INC.; ACLARA TECHNOLOGIES, LLC; ELSTER SOLUTIONS, LLC; ENERGYICT, INC.; ELSTER AMCO WATER, LLC; SILVER SPRING NETWORKS, INC.; ITRON, INC.; and TRILLIANT NETWORKS INC., | § § § § § § § § § § | Civil Action No. 6:11-cv-00317<br><br>JURY TRIAL REQUESTED |
| Defendants. | § § | |

**PLAINTIFF EON CORP. IP HOLDINGS, LLC'S ANSWER
TO DEFENDANT SILVER SPRING NETWORKS, INC.'S COUNTERCLAIMS**

Plaintiff and counterclaim defendant EON Corp. IP Holdings, LLC ("EON") through undersigned counsel files this Answer to Defendant Silver Spring Networks, Inc.'s ("SSN") Counterclaims (Doc. No. 241) to EON's Third Amended Complaint as follows:

1. EON admits that this purports to be an action for Declaratory Relief for which this Court has jurisdiction. EON admits that it has submitted to personal jurisdiction and to venue in this District. EON admits that venue for SSN's counterclaim is proper in this District. EON denies that a California court would be a more convenient venue.

2. EON admits the allegations contained in Paragraph 2.

3. EON admits the allegations contained in Paragraph 3.

4. EON admits the allegations contained in Paragraph 4.

5. EON admits that SSN denies infringement. EON denies SSN's allegations in Paragraph 5 that the patents-in-suit are invalid or unenforceable against SSN.

6. EON admits that an actual controversy exists between EON and SSN with respect to the patents-in-suit. EON denies that SSN is entitled to any relief.

## SSN'S FIRST COUNT
### (Declaration of Noninfringement)

7. EON restates its responses contained in the above Paragraphs 1 through 6 as if fully set forth herein. No further response is required to Paragraph 7.

8. EON admits the allegations contained in Paragraph 8.

9. EON admits the allegations contained in Paragraph 9.

10. EON denies the allegations contained in Paragraph 10.

11. EON denies the allegations contained in Paragraph 11.

## SSN'S SECOND COUNT
### (Declaration of Invalidity)

12. EON restates its responses contained in the above Paragraphs 1 through 11 as if fully set forth herein. No further response is required to Paragraph 12.

13. EON denies the allegations contained in Paragraph 13.

14. EON denies the allegations contained in Paragraph 14.

## SSN'S THIRD COUNT
### (Declaration of Patent Unenforceability – Patent Misuse)

15. EON restates its responses contained in the above Paragraphs 1 through 14 as if fully set forth herein. No further response is required to Paragraph 15.

16. EON denies the allegations contained in Paragraph 16.

## SSN'S FOURTH COUNT
### (Violation of Sherman Act – 15 U.S.C. § 2)

17. EON restates its responses contained in the above Paragraphs 1 through 16 as if fully set forth herein. No further response is required to Paragraph 17.

18. EON admits that Section 2 of the Sherman Act prohibits monopolies and attempts to monopolize. EON denies the remainder of the allegations contained in Paragraph 18.

19. EON admits that it informed SSN that EON performed a pre-suit investigation. EON denies the remainder of the allegations contained in Paragraph 19.

20. EON denies the allegations contained in Paragraph 20.

21. EON denies the allegations contained in Paragraph 21.

22. EON denies the allegations contained in Paragraph 22.

23. EON admits that defendants served Invalidity Contentions. EON admits that SSN has informed EON of SSN's position regarding the NetComm system, validity of the patents-in-suit, and infringement by SSN. EON denies the remainder of the allegations contained in Paragraph 23.

24. EON denies the allegations contained in Paragraph 24.

25. EON denies the allegations contained in Paragraph 25.

26. EON denies the allegations contained in Paragraph 26.

27. EON denies the allegations contained in Paragraph 27.

28. EON denies the allegations contained in Paragraph 28.

29. EON denies the allegations contained in Paragraph 29.

EON denies SSN is entitled to any of the relief requested.

Dated: December 3, 2012                                Respectfully Submitted,

/s/ *Debra L. Dennett*
Daniel R. Scardino
Texas State Bar No. 24033165
Jeffery R. Johnson
Texas State Bar No. 24048572
Debra Dennett
Texas State Bar No. 00793610
Cary Ferchill
Texas State Bar No. 06906900
Jason W. Deats
Texas State Bar No. 24036455
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, TX  78701
Tel. (512) 474-2449
Fax (512) 474-2622
dscardino@reedscardino.com
jjohnson@reedscardino.com
ddennett@reedscardino.com
cferchill@reedscardino.com
jdeats@reedscardino.com

Deron R. Dacus
Texas Bar No. 00790553
The Dacus Firm, P.C.
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Telephone: 903-705-1117
Fax: 903-705-1117
ddacus@dacusfirm.com

**ATTORNEYS FOR PLAINTIFF
EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 3012, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service

4

of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, December 3, 2012.

*/s/ Debra L. Dennett*
Debra L. Dennett

of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, December 3, 2012.

*/s/ Debra L. Dennett*
Debra L. Dennett