UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 6:11-cv-00317-LED-JDL |
| | § § | |
| LANDIS+GYR, INC., et al. | § § | JURY TRIAL REQUESTED |
| Defendants. | § § § | |

### JOINT MOTION TO AMEND DOCKET CONTROL ORDER

Plaintiff EON Corp. IP Holdings, LLC ("Plaintiff") and Defendants Silver Spring Networks, Inc. ("Defendant"), jointly file this unopposed motion to amend certain deadlines in the Amended Docket Control Order filed August 1, 2013 [Dkt. No. 424]. "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S & W Enters., L.L.C. v. Southtrust Bank of Ala., 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation omitted).

By this Motion, Plaintiff and Defendant seek a four day extension to serve all rebuttal expert reports except the rebuttal expert report in response to Dr. Almeroth's July 8th report. Plaintiff and Defendant seek an extension to serve a rebuttal report in response to Dr. Almeroth's July 8th report until August 30, 2013. Further, Plaintiff and Defendant see an extension to file and serve letter briefs regarding Daubert issues until October 11, 2013. Good cause exists for the requested short extensions, as the parties have worked to resolve certain discovery issues and in an effort allow sufficient time to properly prepare letter briefs. The requested extensions reduce the likelihood of additional discovery issues and conflicts with existing deadlines. The parties do not seek this extension for the purposes of delay and do not expect that any other deadlines in the Amended Docket Control Order [Dkt No. 424] will be affected if this Joint Motion to Amend

Certain Deadlines in the Amended Docket Control Order is granted.

Therefore, the parties move to extend the deadline for all rebuttal expert reports except the rebuttal expert report in response to Dr. Almeroth's July 8th report until August 19, 2013, to extend the deadline for the rebuttal report in response to Dr. Almeroth's July 8th report until August 30, 2013, and to extend the deadline for filing and service letter briefs regarding Daubert issues until October 11, 2013. All of these changes are shown in the table below.

| **Trial Date** **April 14, 2014** Court designated date Not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas |
|---|---|

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A. <u>On the first day of trial,</u> each party is required to have on hand the following:

    (1) One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibits and the Case Number. In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles.

    (2) Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."

B. During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day.

A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).

C. At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:

(1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in WordPerfect or Word format.

(2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.

(3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

F. After verification of final exhibit lists, the Courtroom Deputy shall file and docket lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office.

| | |
|---|---|
| **April 7, 2014**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **March 27, 2014**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br>All pending motions will be heard. |
| **March 25, 2014** | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| **March 20, 2014** | Responses to Motions in Limine due. |
| **March 17, 2014** | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| **March 17, 2014** | **Pretrial Objections due**. |
| **March 7, 2014** | **Objections to Rebuttal Deposition Testimony due**. |
| **February 28, 2014** | **Rebuttal Designations and Objections to Deposition Testimony due**. Cross examination line and page numbers to be included. |

| | |
|---|---|
| | In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| **February 18, 2014** | **Pretrial Disclosures due.** <br><br> Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| **January 29, 2014** | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. <br><br> Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| **January 15, 2014** | **Parties to Identify Rebuttal Trial Witnesses.** |
| **December 20, 2013** | **Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline.** |
| **November 15, 2013** | **Second mediation to be completed.** |
| **October 11, 2013** | **Response to *Daubert* Motions.** |
| **September 20, 2013** | **Response to Dispositive Motions (excluding *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **September 20, 2013** | ***Daubert* Motions due from all parties.** Motions to compely with Local Rule CV-56 and Local Rule CV-7. |

| | |
|---|---|
| **September 5, 2013**<br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (excluding *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **August 21, 2013** | **Discovery Deadline.** |
| **August 16, 2013** | **Deadline for all parties to file Letter Briefs for *Daubert* Motions.** See the Court's website for further information. |
| **October 11, 2013** | **Deadline for all parties to file Letter Briefs for Daubert Motions.** See the Court's website for further information. |
| **August 19, 2013** | Parties designate rebuttal expert witnesses (non-construction issues) except in rebuttal to Dr. Almeroth's July 8th report, Rebuttal expert witness reports due except in response to Dr. Almeroth's July 8th report. Refer to Local Rules for required information. |
| **August 30, 2013** | Plaintiff to designate rebuttal expert witness in response to Dr. Almeroth's July 8th report expert and produce expert report from designated witness. Refer to Local Rules for required information. |
| **July 8, 2013**<br>*7 trial days* | Parties with the burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information.<br>**EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

### OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to

        dismiss pending;

(ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;.

(iii)    The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

Dated: August 14, 2013                                           Respectfully submitted,

*/s/ Daniel R. Scardino*                                           /s/ Robert F. Kramer *(with permission)*
Daniel R. Scardino                                                     Robert F. Kramer
Texas Bar No. 24033165                                       Bonnie Lau
Jason W. Deats                                                              C. Gideon Korrell
Texas State Bar No. 24036455                            DENTONS US, LLP
Cary Ferchill                                                                  1530 Page Mill Road, Suite 200
Texas State Bar No. 06906900                            Palo Alto, CA 94304
Craig S. Jepson                                                        Tel: (650) 798-0356
Texas State Bar No. 24061364                            Fax: (650) 798-0310
Raymond W. Mort, III                                       robert.kramer@dentons.com
Texas State Bar No. 00791308                          gideon.korrell@dentons.com
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250              S. Calvin Capshaw, III
Austin, TX 78701                                               Elizabeth L. DeRieux
Telephone: 512-474-2449                              CAPSHAW DERIEUX, LLP
Fax: 512-474-2622                                            114 East Commerce Avenue
jdeats@reedscardino.com                              Gladewater, TX 75647
dscardino@reedscardino.com                         Telephone: (903) 236-9800
cferchill@reedscardino.com                          Facsimile: (903) 236-8787
cjepson@reedscardino.com                            ccapshaw@capshawlaw.com
rmort@reedscardino.com                              ederieux@capshawlaw.com

Deron R. Dacus                                                            **ATTORNEYS FOR DEFENDANT**
Texas Bar No. 00790553                                **SILVER SPRING NETWORKS, INC.**
THE DACUS FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Tel. & Fax: (903) 705-1117
ddacus@dacusfirm.com

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III