# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>LANDIS+GYR INC., et al.<br><br>*Defendants.* | Civil Action No. 6:11-cv-00317-LED-JDL<br><br>**JURY TRIAL REQUESTED** |

## SILVER SPRING NETWORKS, INC.'S MOTION FOR SUMMARY JUDGMENT OF EON'S CLAIM OF WILLFUL INFRINGEMENT

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .........................................1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS .......................................................2

IV. LEGAL ARGUMENT..............................................................................................................4

    A.  Legal Standard ...............................................................................................................4

    B.  EON Cannot Carry Its Burden of Proving Willful Infringement ..................................7

V.  CONCLUSION.........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*,
  2009 U.S. Dist. LEXIS 130147 (E.D. Tex. Sept. 2, 2009) .......................................................5

*EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*,
  2012 U.S. Dist. LEXIS 141965 (N.D. Cal. October 1, 2012).....................................................5

*In re Seagate Tech., LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ....................................................................... passim

*Safoco, Inc. v. Cameron Int'l Corp.*,
  2009 U.S. Dist. LEXIS 66187 (S.D. Tex. July 31, 2009)...........................................................6

*Touchscreen Gestures LLC v. Research in Motion*,
  2013 U.S. Dist. LEXIS 97080 (E.D. Tex. March 27, 2013).......................................................5

*WebMap Techs., LLC v. Google, Inc.*,
  2010 U.S. Dist. LEXIS 104137 (E.D. Tex. September 10, 2010) .........................................5, 6

**RULES**

Fed. R. Civ. P. 56...........................................................................................................................1

Local Rule CV-56..........................................................................................................................1

Pursuant to Fed. R. Civ. Pro. 56, Local Rule CV-56, and the Court's order granting Defendant Silver Spring Networks ("SSN") permission to file this motion (Dkt. No. 422), Defendant SSN moves for summary judgment to dismiss Plaintiff EON Corp. IP Holdings, LLC's ("EON") claim for willful infringement.

## I. INTRODUCTION

EON alleges that SSN has willfully infringed U.S. Patent No. 5,388,101 (the "'101 Patent"), U.S. Patent No. 5,481,546 (the "'546 Patent"), and U.S. Patent No. 5,592,491 (the "'491 Patent") (collectively, the "Patents-in-Suit").  EON's Original Complaint and subsequently-amended complaints, however, merely state that the alleged infringement "has been or will be deliberate and willful" with no accompanying facts whatsoever. SSN had no knowledge of any of the asserted patents before the complaint was filed, and therefore could not have willfully infringed them as a matter of law.

EON has not established the necessary factual elements required to state a claim for willful infringement. EON has failed to meet its burden of proof by clear and convincing evidence that SSN acted despite an objective high likelihood of infringement of the Patents-in-Suit. In view of the standard set forth by the Federal Circuit, no reasonable jury could find—particularly on clear and convincing evidence—that SSN willfully infringed the Patents-in-Suit and this claim should be dismissed.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether EON has established a genuine issue of material fact warranting submission of its claim for willful infringement to a jury.

2. Whether plaintiff has demonstrated a triable issue of fact on the two-prong test for willfulness under *Seagate* requiring clear and convincing evidence that (1) the alleged infringer

acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and (2) the alleged infringer had knowledge (or should have known) of this objectively-defined risk. *Seagate*, 497 F.3d at 1371.

### III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. EON commenced this patent infringement lawsuit by filing an Original Complaint on June 17, 2011. (Dkt. No. 1.)

2. In the Original Complaint, EON named as defendants Landis+Gyr Inc., Silver Spring Networks, Inc., Aclara Power-Line Systems, Inc., Elster Solutions, LLC, Itron, Inc., and Trilliant Networks, Inc. (Dkt. No. 1.)

3. EON's Original Complaint alleges that all defendants willfully infringe the Patents-in-Suit. (Dkt. No. 1.)

4. Plaintiff's Original Complaint contains a stock paragraph applicable to all defendants regarding willful infringement: "Upon information and belief, said infringement has been or will be deliberate and willful."   (Dkt. No. 1, ¶¶ 26, 40, and 56.)

5. EON's pleadings provide no facts setting forth the basis for EON's claim that SSN or any of the other defendants committed willful infringement. (*Id.*)

6. EON's Third Amended Complaint dated July 27, 2012 repeats its willful infringement allegation, *i.e.,* "Upon information and belief, said infringement has been or will be deliberate and willful." (Dkt. No. 180, ¶¶ 26, 40, and 56.)  EON's Third Amended Complaint, filed more than a year after this lawsuit was initiated, and well into discovery, however, provides no facts stating the basis for EON's claim that SSN or any of the other defendants committed willful infringement. (Dkt. No. 180.)

7. Plaintiff has failed to plead or present any facts establishing that SSN has acted with "objective recklessness" to support EON's willful infringement claim.

8. EON admits that it first provided notice to SSN of its alleged infringement by filing its Original Complaint in this lawsuit on June 17, 2011, which was served on SSN's registered agent on or about October 1, 2011. (Exhibit 1, EON's Response to SSN's Interrogatory No. 1 dated April 15, 2013.)

9. On July 8, 2011, after this lawsuit was filed, EON first sent a letter to SSN informing SSN of EON's patents. (Exhibit 1, EON's Response to SSN's Interrogatory No. 1 dated April 15, 2013.)

10. On October 12, 2012, SSN wrote to EON, after having met with them previously in 2011 and 2012, explaining that EON has no basis for pursuing this lawsuit against SSN. SSN explained, among other things, that SSN's accused network is very similar for purposes of EON's Patents-In-Suit to a prior art network known as the Netcom system, both designed by the same computer architect. SSN explained that, to the extent any of the asserted claims of EON's patents are interpreted broadly enough to cover SSN's system and products, such claims would be invalidated by, *inter alia,* the prior art NetComm system, which was jointly developed and deployed by Metricom and Southern California Edison in the late 1980's. (Exhibit 2 (SSN letter to EON dated October 12, 2012.)

11. On November 16, 2012, SSN filed an Answer to EON's Third Amended Complaint, alleging *inter alia* an affirmative defense and counterclaim against EON for antitrust violations, including violations of Section 2 of the Sherman Act, arising from EON prosecution of an objectively baseless lawsuit against SSN. (Dkt. No. 241.)

12. SSN had no knowledge of EON or any of the three Patents-in-Suit prior to EON commencing this lawsuit and writing to SSN subsequently. (Exhibit 3, SSN's Response to EON's Interrogatories Nos. 15-18 dated August 20, 2013.)

13. EON has filed lawsuits accusing companies of infringing the Patents-in-Suit, but none of these cases have ever gone to trial.

14. No court has made a finding or entered a judgment that EON's Patents-in-Suit are valid or that any company or party has ever infringed any valid claims of EON's Patents-in-Suit.

15. EON did not seek permission to file a motion for summary judgment for infringement in this case.

16. EON has not sought preliminary or permanent injunctive relief against SSN in this case or made any other attempt to prevent SSN from continuing its allegedly-infringing activities.

17. During the entire period of discovery which has now concluded, EON has identified no evidence upon which (1) a court could decide that SSN acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and that all of SSN's affirmative defenses to infringement are not reasonable or (2) a jury could reasonably find that SSN knew of this objectively-defined risk or it was so obvious that it should have been known to SSN.

## IV. LEGAL ARGUMENT

### A. Legal Standard

In order to establish willful infringement, EON must prove by clear and convincing evidence that SSN acted with "objective recklessness." Not only must there be clear and convincing proof of an objectively high likelihood of infringement of a valid patent, there must also be proof that

this risk was either known or so obvious that it should have been known to the infringer. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).

This "objective recklessness" should occur **before** the complaint is filed; an allegation of post-filing patent awareness is generally insufficient to even state a claim for willfulness, let alone survive summary judgment. *See*, *e.g.*, *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, 2012 U.S. Dist. LEXIS 141965 (N.D. Cal. October 1, 2012) (granting motion to dismiss EON's claims of willful infringement when it was based solely on post-filing knowledge and no preliminary injunction was sought); *WebMap Techs., LLC v. Google, Inc.*, 2010 U.S. Dist. LEXIS 104137 (E.D. Tex. September 10, 2010) (granting motion to dismiss for identical reasons); *Touchscreen Gestures LLC v. Research in Motion*, 2013 U.S. Dist. LEXIS 97080 (E.D. Tex. March 27, 2013) (granting motion to dismiss for identical reasons) ("Absent additional allegations, the filing of an infringement suit alone is insufficient to give rise to a post-filing willful infringement claim.").[1]

In *Affinity Labs of Tex., LLC v. Alpine Elecs. of Am., Inc.*, 2009 U.S. Dist. LEXIS 130147, *10-11 (E.D. Tex. Sept. 2, 2009)), defendants moved to dismiss Affinity Labs' claim of willful infringement on the grounds that Affinity Labs cannot base its claim entirely on defendants' post-filing conduct without first moving for a preliminary injunction. The district court ruled that *Seagate* did not set a *per se* rule where a patentee who relied solely on post-filing conduct for willfulness claim is foreclosed from receiving enhanced damages if he does not also seek preliminary injunctive relief. Here, unlike *Affinity Labs* which was decided on a motion to

---

[1] In *EON IP Holdings, LLC v. Sensus USA, Inc.,* 2012 U.S. Dist. LEXIS 141965 at *11 (N.D. Cal. October 1, 2012), the court granted defendants' motion to dismiss EON's claim for willful infringement. The court explained: "Unlike with indirect infringement, allegations of post-filing knowledge are generally insufficient to make out a case for willful infringement [citing *Seagate*] . . . . The Federal Circuit has noted that post-filing knowledge may be sufficient to support a claim of willful infringement where a defendant violates a preliminary injunction, secured by plaintiff . . . . Plaintiff has sought no such injunction here.")

dismiss, EON has had two years of discovery to seek any facts that could support its claim of willful infringement. EON has not identified such facts because there are none.

Rather, in the present matter the Court should apply as a rule that a party asserting patent infringement may not seek willfulness remedies solely on post-filing conduct where (1) there is no pre-filing willful infringement, (2) there is no effort to seek a preliminary injunction or similar action, or (3) there is no post-filing change of circumstances to support the allegation of willful infringement. *WebMap Techs.*, 2010 U.S. Dist. LEXIS 104137, at *9-10, 13 (dismissing claims for post-filing willful infringement after reviewing the *Affinity Labs* holding but inviting the patent holder to "amend its complaint to include an allegation of willful infringement if it pleads other extraordinary facts sufficient to show an objectively high likelihood of infringing a valid patent").  Because a preliminary injunction provides an adequate remedy for combating post-filing willful infringement, the Federal Circuit has explained that a "patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Seagate*, 497 F.3d at 1374.

In addition, where infringement is a "close factual question" involving "an intensely factual inquiry" there can be no willful infringement as a matter of law. *Safoco, Inc. v. Cameron Int'l Corp.*, 2009 U.S. Dist. LEXIS 66187, *81 (S.D. Tex. July 31, 2009) (granting accused infringer's summary judgment motion of no willfulness) (citing *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1337 (Fed. Cir. 2009) (affirming JMOL of no willfulness where infringement was an intensely factual inquiry)).

## B. EON Cannot Carry Its Burden of Proving Willful Infringement

EON is not entitled to a finding of willful infringement, as a matter of law. None of the versions of EON's complaints contain any facts making such knowledge plausible, and at no time during the course of discovery has EON identified any evidence that even suggests that SSN was aware of the patents before the complaint was filed. (Fact Nos. 4-8.) EON first advised SSN of the patents when it filed this lawsuit (Fact No. 12), a fact admitted by EON (Fact No. 8). Without having knowledge of the patents, there cannot be willful infringement. This lack of knowledge is not surprising: SSN is in the smart energy grid automated meter reading industry networking business, while EON's patents purport to focus on "two-way interactive communication video network[s]." (Abstract of the '101 Patent (same in Abstract of the '546 and '491 Patents)). EON never contacted SSN, never advised SSN of its patents, and never initiated any discussions with SSN about these patents until *after* EON filed this lawsuit. (Fact Nos. 8-9.)

Under *Seagate* and other precedent, the absence of any willfulness before the filing of the complaint precludes the possibility of post-filing willfulness. *Id*, at 1374. Here, EON did not file a motion for preliminary injunction or take any other action to stop the allegedly infringing activity from continuing before trial. (Fact Nos. 15-16.) There is also no unique change in circumstances that justifies a charge of willfulness after the filing of the complaint. Accordingly, there can be no willful infringement as a matter of law.

Still further, SSN *at least* has a reasonable defense as to both non-infringement, invalidity, and unenforceability thereby foreclosing any possibility of willful infringement. At the outset, it is telling that EON did not seek a motion for summary judgment for infringement. (Fact No. 15.) If SSN did not have a reasonable defense to infringement, then surely EON would

have sought to resolve the matter on summary judgment, yet it declined to take such action. EON has therefore conceded that SSN has a reasonable defense to the charges of infringement.

SSN has maintained its position that, to the extent that any of the asserted claims are interpreted broadly enough to cover SSN's products, they would be invalidated by *inter alia* the prior art NetComm AMI system, which was jointly developed and deployed by Metricom and Southern California Edison in the late 1980's. (Fact No. 10.) The prior art NetComm system was designed specifically to remotely poll and communicate meter data from customer electric meters to a utility's home office in the same manner that SSN does today. Many of the Metricom engineers continued the NetComm-based architecture after Metricom closed and they joined SSN, further evidencing the relatedness of NetComm and SSN. This is very different from the "two-way interactive communication video network[s]" of the Patents-in-Suit.

Even if EON disagrees with SSN's position on non-infringement and invalidity, the dispute does nothing more than demonstrate that both the infringement and validity issues in this case are at best (if viewed in a light most favorable to EON) a "close factual question" involving "an intensely factual inquiry." Under such circumstances, there can be no willful infringement as a matter of law.

## V. **CONCLUSION**

SSN had no knowledge of the Patents-in-Suit before the filing of the complaint, and therefore could not have willfully infringed the patents before that time. After the complaint was filed, EON did not seek a preliminary injunction and did not request permission to file a motion for summary judgment of infringement.

EON has not and cannot carry its burden that SSN acted recklessly in the face of a high likelihood of infringement. EON has had two years since it filed this lawsuit to conduct discovery and try to establish any facts that could support its claim. There are none. Consequently, as a matter of law, EON should not be entitled to pursue willful infringement and SSN's motion for summary judgment should be granted.

Dated: September 5, 2013

Respectfully submitted,

*/s/ Robert F. Kramer*   .
Robert F. Kramer
CA Bar No. 181706 (admitted E.D.Tex.)
C. Gideon Korrell
CA Bar No. 284890 (admitted E.D.Tex.)
DENTONS US LLP
1530 Page Mill Road, Suite 200
Palo Alto, California 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
robert.kramer@dentons.com
gideon.korrell@dentons.com

S. Calvin Capshaw, III
Elizabeth L. DeRieux
D. Jeffrey Rambin
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
Gladewater, Texas 75647
ccapshaw@capshawlaw.com

ederieux@capshawlaw.com
jrambin@capshawlaw.com

Alan S. Hodes
CA Bar No. 166187 (admitted E.D. Tex.)
SILVER SPRING NETWORKS
555 Broadway Street
Redwood City, CA 94063
Telephone: (650) 839-4000
Facsimile: (866) 776-0015
ahodes@silverspringnet.com

**ATTORNEYS FOR DEFENDANT
SILVER SPRING NETWORKS, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on September 5, 2013, I caused to be electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas using the electronic case files system of the court.  The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.


Dated: September 5, 2013

                           */s/ C. Gideon Korrell*