**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC<br><br>*Plaintiff,*<br><br>v.<br><br>LANDIS+GYR INC., et al.<br><br>*Defendants.* | Civil Action No. 6:11-cv-00317-LED<br><br>JURY TRIAL REQUESTED |

**DEFENDANT SILVER SPRING NETWORKS, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Silver Spring Networks, Inc. ("SSN") through its undersigned counsel, for its Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff EON Corp. IP Holdings, LLC's ("EON") Third Amended Complaint ("Complaint"), states as follows:

To the extent that a response to the introductory comments to the Complaint is deemed required, SSN admits that the Complaint purports to allege claims for patent infringement. SSN denies each and every remaining allegation of the introductory comments of the Complaint.

**COMPLAINT FOR PATENT INFRINGEMENT**

**THE PARTIES**

1. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis denies them.

2-5. Paragraphs 2 through 5 of the Complaint are Plaintiff's recitations of the other defendants' names, principal places of business, identity of their agents for service of process, and alleged acts of infringement. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

6. SSN admits that it is a Delaware corporation with its corporate headquarters at 555 Broadway Street, Redwood City, California 94063 and that it does not maintain a regular place of business in Texas and has not designated or maintained a resident agent for service of process in Texas. SSN denies each and every remaining allegation contained in Paragraph 6.

7-9. Paragraphs 7-9 of the Complaint are Plaintiff's recitations of the other defendants' names, principal places of business, identity of their agents for service of process, and alleged acts of infringement. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

## JURISDICTION AND VENUE

10. SSN admits that this purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271, but denies liability for patent infringement and that venue properly lies in this judicial district with respect to SSN pursuant to 28 U.S.C. § 1391 and 1400(b).

11. SSN denies the allegations of Paragraph 11 with respect to SSN. SSN is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations set forth in paragraph 11 with respect to the other defendants, and on that basis denies them.

12. SSN denies the allegations contained in Paragraph 12.

**THE PATENTS-IN-SUIT**

13. On information and belief, SSN admits that United States Patent No. 5,388,101 ("the '101 Patent") is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" and that the '101 Patent issued on February 7, 1995. SSN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and on that basis denies them.

14. On information and belief, SSN admits that United States Patent No. 5,481,546 ("the '546 Patent") is entitled "Interactive Nationwide Data Service Communication System for Stationary and Mobile Battery Operated Subscriber Units" and that the '546 Patent issued on January 2, 1996. SSN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, and on that basis denies them.

15. On information and belief, SSN admits that United States Patent No. 5,592,491 ("the '491 Patent") is entitled "Wireless Modem" and that the '491 Patent issued on January 7, 1997. SSN is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and on that basis denies them.

**COUNT I – INFRINGEMENT OF THE '101 PATENT**

16. SSN incorporates and realleges the allegations of Paragraphs 1-15 of its Answer set forth above.

17-19. Paragraphs 17 through 19 of the Complaint are allegations pertaining to the alleged infringement of the '101 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

20. SSN denies each and every allegation contained in Paragraph 20.

21-23. Paragraphs 21-23 of the Complaint are allegations pertaining to the alleged infringement of the '101 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

24. Paragraph 24 of the Complaint contains allegations pertaining to alleged infringement of the patents-in-suit by other defendants. Because these allegations are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies them. With respect to allegations in this paragraph directed to SSN's alleged conduct, SSN denies that any such alleged conduct has occurred in the United States and denies that it infringes the patents-in-suit.

25-26. SSN denies each and every allegation contained in Paragraphs 25 and 26.

27. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and on the basis denies them.

28-29. SSN denies each and every allegation contained in Paragraphs 28 and 29.

**COUNT II – INFRINGEMENT OF THE ’546 PATENT**

30. SSN incorporates and realleges the allegations of Paragraphs 1-29 of its Answer set forth above.

31-33. Paragraphs 31 through 33 of the Complaint are allegations pertaining to the alleged infringement of the ‘546 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

34. SSN denies each and every allegation contained in Paragraph 34.

35-37. Paragraphs 35-37 of the Complaint are allegations pertaining to the alleged infringement of the ‘546 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

38. Paragraph 28 of the Complaint contains allegations pertaining to alleged infringement of the patents-in-suit by other defendants. Because these allegations are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and on that basis denies them. With respect to allegations in this paragraph directed to SSN's

alleged conduct, SSN denies that any such alleged conduct has occurred in the United States and denies that it infringes the patents-in-suit.

39-40. SSN denies each and every allegation contained in Paragraphs 39 and 40.

41. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41, and on that basis denies them.

42-43. SSN denies each and every allegation contained in Paragraphs 42 and 43.

**COUNT III – INFRINGEMENT OF THE ’491 PATENT**

44. SSN incorporates and realleges the allegations of Paragraphs 1-43 of its Answer set forth above.

45-47. Paragraphs 45 through 47 of the Complaint are allegations pertaining to the alleged infringement of the ‘491 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

48. SSN denies each and every allegation contained in Paragraphs 48.

49-51. Paragraphs 49 through 51 of the Complaint are allegations pertaining to the alleged infringement of the ‘491 Patent by other defendants. Because these paragraphs are directed at other named defendants in this case, SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them.

52. Paragraph 52 of the Complaint contains allegations pertaining to the alleged infringement of the patents-in-suit by other defendants. Because these allegations are directed at other named defendants in this case, SSN is without knowledge or

information sufficient to form a belief as to the truth of the allegations set forth in these paragraphs, and on that basis denies them. With respect to allegations in this paragraph directed to SSN's alleged conduct, SSN denies that any such alleged conduct has occurred in the United States and denies that it infringes the patents-in-suit.

53-56. SSN denies each and every allegation contained in Paragraphs 53 through 56.

57. SSN is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis denies them.

## PRAYER FOR RELIEF

A-F. SSN denies that EON is entitled to any of the relief sought in its Prayer for Relief or any other relief.

## DEMAND FOR A JURY TRIAL

SSN admits that EON has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging it bears the burden of proof as to any of them, SSN asserts the following affirmative defenses:

### First Affirmative Defense

1. The Complaint fails to state a claim upon which relief can be granted and/or fails to plead the allegations with sufficient particularity.

### Second Affirmative Defense

2. SSN has not infringed, contributed to the infringement of, or induced the infringement, either literally or under the doctrine of equivalents, of any valid claims of the '101, '546 and/or '491 Patents.

3. SSN products and methods that are accused of infringement have substantial uses that do not infringe the ‘101, ‘546 and ‘491 Patents and, therefore, SSN cannot induce or contribute to infringement of these patents and SSN has had no intent to cause infringement by any other person.

**Third Affirmative Defense**

4. The asserted claims of the ‘101, ‘546 and ‘491 Patents are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to comply with the requirements of 35 U.S.C. §§ 100 *et seq*., including one or more of the following: 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 132, 251, and/or 252.

**Fourth Affirmative Defense**

5. EON’s claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, equitable estoppel, prosecution history estoppel, implied license, *in parti delicto*, waiver, acquiescence, and/or other equitable doctrines.

**Fifth Affirmative Defense**

6. On information and belief, EON’s claim for damages, if any, are limited under 35 U.S.C. § 286, and to the extent that EON has failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

**Sixth Affirmative Defense**

7. The ‘101, ‘546 and ‘491 Patents are invalid in whole or in part for double patenting.

**Seventh Affirmative Defense**

8. EON’s damages are limited to the extent that the accused products were used by or manufactured for the United States of America pursuant to 28 U.S.C. § 1498.

**Eighth Affirmative Defense**

9. SSN has engaged in all relevant activities in good faith, thereby precluding EON, even if it prevails, from recovering its reasonable attorney's fees and/or costs under 35 U.S.C. § 285.

**Ninth Affirmative Defense**

10. EON's claims of infringement and/or claims for relief against SSN are misjoined with EON's claims of infringement and/or claims for relief against other defendants because they share no common question of law or fact.

**Tenth Affirmative Defense**

11. By reason of the prior art and/or statements and representations made to and by the U.S. Patent & Trademark Office ("USPTO") during the prosecution of the applications that led to issuance of the '101, '546 and '491 Patents, these patents are so limited that none of its claims can be properly construed as covering any activity of SSN.

**Eleventh Affirmative Defense**

12. EON's claims for infringement and/or damages are barred or limited by the equitable defense of joint and several liability.

13. Silver Spring manufactures and sells communication modules, *inter alia*, that are incorporated into meters and other devices in metering networks. Silver Spring does not manufacture meters. Instead, Silver Spring partners with companies that manufacture meters, including for example, Landis+Gyr Inc.

14. EON asserts that Silver Spring has infringed the claims of the patents-in-suit jointly and severally with others, including Landis+Gyr. EON asserts that Silver Spring is jointly and severally liable for infringement with one or more of the defendants

in this case, including Landis+Gyr, by, among other things, deploying together with Landis+Gyr meters for utility companies.

15. EON also asserts that Landis+Gyr and others supply material components for use with Silver Spring's accused instrumentalities and is jointly and severally liable with Silver Spring. (EON's Objections and Responses to Silver Spring's First Set of Interrogatories dated April 15, 2013.)

16. Upon information and belief, EON entered into agreements with certain of Silver Spring's meter partners and granted licenses for the patents-in-suit that cover meters and/or metering products that contain Silver Spring's communication modules. EON received a royalty from such licensed party(ies) under the patents-in-suit for such company's metering and networking products containing Silver Spring's communication modules.

17. EON is barred from asserting infringement and/or from seeking damages, including a reasonable royalty, from Silver Spring for its communication modules insofar as such devices are incorporated into meters and meter networking products for which EON has granted a license and has received a royalty for the patents-in-suit.

18. EON has asserted that Silver Spring and certain of its meter partners are jointly and severally liable for alleged infringement of the patents-in-suit.

19. EON’s claim for damages, if any, is barred or limited, in whole or in part, by the equitable defense of joint and several liability.

20. EON’s claim for damages is barred or limited by the equitable defense of joint and several liability based on, among other things, EON's having received a royalty from Silver Spring's meter partner(s) that are alleged to jointly and severally infringe the

patents-in-suit together with Silver Spring by selling meters, metering and/or networking products in the United States containing Silver Spring's communication modules.

**Other Defenses Reserved**

21. SSN reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including but not limited to unenforceability due to inequitable conduct.

**COUNTERCLAIM**

For its Counterclaim against EON, SSN alleges as follows:

1. This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201. EON has submitted to personal jurisdiction and to venue in this District by filing this action. Thus venue for SSN’s counterclaim may be proper in this district, although a California court would be a more convenient venue to hear the dispute involving EON and SSN.

2. SSN is a Delaware corporation with its principal place of business at 555 Broadway Street, Redwood City, California 94063.

3. Upon information and belief, EON is a limited liability corporation organized and existing under the laws of the State of Texas and has a principal place of business at 719 W. Front Street, Suite 108, Tyler, Texas 75702.

4. By its Complaint, EON purports to assert a claim against SSN for infringement of the ‘101, ‘546 and ‘491 Patents.

5. SSN has denied EON's claims of infringement of the '101, '546 and '491 Patents. SSN contends that the asserted claims of these patents are invalid and unenforceable against SSN.

6. An actual controversy has arisen and now exists between SSN and EON as to the noninfringement, invalidity, and/or unenforceability of the '101, '546 and '491 Patents.

**Count One – Declaration of NonInfringement**

7. SSN restates and incorporates by reference each of the allegations of Answer, Paragraphs 1-57, Affirmative Defenses, Paragraphs 1-98, and Counterclaims, Paragraphs 1-6.

8. EON claims to be the assignee, through an exclusive license, of all rights, title, and interest in '101, '546 and '491 Patents, including the right to the right to sue and recover damages for infringement of these patents.

9. EON has asserted that SSN is infringing the '101, '546 and '491 Patents and has identified SSN's two-way communication networks, network components, related software platforms and services that allegedly provide utilities and SSN's customers with telemetry functionality, including SSN's Smart Energy Network, components, *e.g.* Relays, Access Points, Intelligent Endpoints, Silver Spring Gas Interface Management Units, and software, *e.g.* UtilityIQ software platforms, as accused instrumentalities.

10. SSN denies that these or any of its products or services infringe any valid claim of the '101, '546 and/or '491 Patents.

11. SSN seeks and is entitled to a declaration that its products and services do not directly infringe, and that it has not induced infringement of, and has not contributed to the infringement of any valid claim of the ‘101, ‘546 and/or ‘491 Patents.

**Count Two – Declaration of Patent Invalidity**

12. SSN restates and incorporates by reference each of the allegations of its Answer, Paragraphs 1-57, Affirmative Defenses, Paragraphs 1-98, and Counterclaims, Paragraphs 1-11.

13. SSN asserts that the claims of the ‘101, ‘546 and ‘491 Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness and failure to satisfy the written description requirement and/or lack of enablement).

14. SSN is entitled to a declaration that the claims of the ‘101, ‘546 and ‘491 Patents are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

Under Rule 38(b) of the Federal Rules of Civil Procedure, SSN respectfully requests a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, SSN prays for the following relief:

1. That EON take nothing by way of the Complaint;

2. That EON is not entitled to injunctive relief;

3. That the Complaint does not present an exceptional case;

4. That EON is not entitled to any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post judgment interest from SSN;

5. That the Complaint be dismissed with prejudice and judgment entered in favor of SSN;

6. For a declaration that SSN has not infringed, contributed to the infringement of, or induced infringement of the '101, '546 and '491 Patents, and further that SSN has not willfully infringed, contributed to the infringement of, or induced infringement of the '101, '546 and '491 Patents;

7. For a declaration that the '101, '546 and '491 Patents are invalid, void, and/or unenforceable;

8. That SSN is entitled to damages according to proof;

9. For a declaration that SSN's counterclaims present an exceptional case.

10. For SSN's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 15(a);

11. For pre-judgment and post -judgment interest,

12. For such other relief as the Court deems just and proper.

Dated: May 23, 2014

Respectfully submitted,

*/s/ Robert F. Kramer by permission ELD*

Robert F. Kramer
CA Bar No. 181706 (admitted E.D. Tex.)
Bonnie Lau
CA Bar No. 246188 (admitted *pro hac vice*)
C. Gideon Korrell
CA Bar No. 284890 (admitted E.D.Tex.)
DENTONS US LLP
1530 Page Mill Road
Palo Alto, California 94304
Telephone (650) 798-0356
Facsimile (415) 798-0310
robert.kramer@dentons.com
bonnie.lau@dentons.com
gideon.korrell@dentons.com

C. Michael Moore
Texas State Bar No. 14323600
DENTONS US LLP
2000 McKinney Avenue. Suite 1900
Dallas, TX 75201
Tel: (214) 259-0900
Fax: (214) 259-0910
email: c. michael.moore@dentons.com

Alan Hodes
CA Bar No. 166187 (admitted E.D. Tex.)
SILVER SPRING NETWORKS, INC.
555 Broadway Street
Redwood City, CA 94063
ahodes@silverspringnet.com

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, TX 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

**ATTORNEYS FOR DEFENDANT SILVER SPRING NETWORKS, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 23, 2014, the foregoing document was filed and served electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. Mail, on May 23, 2014.

*/s/ Robert F. Kramer by permission ELD*
Robert F. Kramer

81887066